UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MARK LORENZANA,

    Plaintiff,

vs.

GR OPCO, LLC d/b/a E11EVEN MIAMI, a Florida limited liability company, and DENNIS DEGORI, an individual,

    Defendants.

_____/

COMPLAINT

## COMPLAINT

COMES NOW Plaintiff MARK LORENZANA ("Plaintiff" or "Lorenzana"), who was an employee of Defendants GR OPCO, LLC d/b/a E11EVEN MIAMI, a Florida limited liability company, and DENNIS DEGORI, an individual (together, "Defendants"), and by and through undersigned counsel files this Complaint for unpaid minimum wage compensation and unpaid overtime wage compensation free and clear, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA") and 29 C.F.R. § 531.35, and for a declaration of rights.

### I. JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' club operation is situated in this District; and because most, if not all, of the operational decisions were made in this District.

1

2. This Court has original jurisdiction over Plaintiff's federal question claims.

## II.  PARTIES

3. Plaintiff MARK LORENZANA ("Lorenzana") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant GR OPCO, LLC d/b/a E11EVEN MIAMI is a Florida limited liability company that has owned and operates the club E11EVEN MIAMI ("E11EVEN MIAMI"), located at 29 Northeast 11th Street, Miami, Miami-Dade County, Florida.

5. Defendant DENNIS DEGORI ("Degori"), an individual and *sui juris*, was the owner and manager of, and employer at, E11EVEN MIAMI, the club at which Plaintiff was employed. Degori acted directly and indirectly in the interest of E11EVEN MIAMI. Degori managed E11EVEN MIAMI and had the power to direct employees' actions. Degori had management responsibilities, degree of control over E11EVEN MIAMI's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the club in accordance with the FLSA making Defendant Dennis Degori an employer pursuant to 29 USC § 203(d).

## III.  COVERAGE

6. During all material times, Defendant GR OPCO, LLC d/b/a E11EVEN MIAMI was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

2

working on goods or materials that have been moved in or produced for commerce by any person.

7. During all material times, Defendant GR OPCO, LLC was an employer as defined by 29 U.S.C. § 203(d).

8. During all material times, Defendant Degori was an employer as defined by 29 U.S.C. § 203(d).

9. During all material times, GR OPCO, LLC d/b/a E11EVEN MIAMI had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## IV. FACTUAL ALLEGATIONS

10. Defendants operated a club known as E11EVEN MIAMI, located at 29 Northeast 11th Street, Miami, Miami-Dade County, Florida.

11. Lorenzana worked as a "VIP Host" for Defendants from January, 2014, approximately, through November, 2016, approximately, including a one-month absence, approximately.

12. During the Relevant Time Period, the applicable Florida minimum wage was $7.93 per hour in 2014 and $8.05 per hour in 2015 and 2016.

13. During the Relevant Time Period, the applicable Florida minimum overtime wage was $11.895 per hour in 2014 and $12.075 per hour in 2015 and 2016.

14. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

15. To utilize the tip credit under the FLSA, the employer must pay its servers the proper minimum and overtime wage for servers and allow its servers to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its servers the full applicable minimum and overtime wage.

16. Throughout the Relevant Time Period, Lorenzana was paid as a tipped employee but was forced to share his tips with employees who worked positions that are not customarily and regularly tipped ("non-tipped employees"), such as managers, partners and/or owners.

17. A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit.

18. The tips paid by Lorenzana to non-tipped employees were kick-backs paid to others for Defendants' benefit, and thus lowered Lorenzana's wages, free and clear, below the minimum for tipped employees. 29 C.F.R. § 531.35.

19. Throughout the Relevant Time Period, Lorenzana regularly worked in excess of forty (40) hours per seven-day week.

20. Defendants regularly paid Lorenzana at an overtime wage rate below the minimum overtime wage for tipped employees.

21. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Lorenzana's tips towards satisfaction of Defendants' minimum wage obligation, and must therefore pay Lorenzana the minimum wage, free and clear, for each regular hour worked and the overtime wage, free and clear, for each overtime hour worked.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

22. Because of the institution and maintenance of the illegal tip-sharing scheme and tip credit violations, the non-payment of wages due, and the lack of notice required, Defendants willfully engaged in practices that denied Lorenzana his applicable minimum and overtime wages under the FLSA.

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*</u>

24. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

25. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme in which his tips were shared with non-tipped employees.

26. Defendants willfully and intentionally forced Plaintiff to kick-back a portion of his tips directly or indirectly to Defendants, or to others for Defendants' benefit.

27. Defendants willfully and intentionally forced Plaintiff to perform work-related duties without compensation.

28. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

29. By forcing Plaintiff to share tips with non-tipped employees, to kick-back tips to Defendants, to perform work-related duties without compensation, and for not providing the required notice under the FLSA, Defendants cannot claim the tip credit and therefore owe Plaintiff the full minimum wage, free and clear, for each hour worked up to forty hours in a week.

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

30. As a direct and proximate result of forcing Plaintiff to share tips with non-tipped employees, to kick-back tips to Defendants, to perform work-related duties without compensation, and for not providing the required notice under the FLSA, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff MARK LORENZANA demands judgment in his favor and against Defendants GR OPCO, LLC and DENNIS DEGORI, jointly and severally, as follows:

a) Award to Plaintiff for payment of all regular hours at the full minimum wage, free and clear;

b) Award to Plaintiff liquidated damages equal to the payment of all regular hours at the full minimum wage, free and clear, owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE COMPENSATION
## IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

31. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein and further alleges as follows:

32. Defendants willfully and intentionally forced Plaintiff to participate in an illegal tip-sharing scheme in which his tips were shared with non-tipped employees.

33. Defendants willfully and intentionally forced Plaintiff to kick-back a portion of his tips directly or indirectly to Defendants, or to others for Defendants' benefit.

34. Defendants willfully and intentionally forced Plaintiff to perform work-related duties without compensation.

6

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

35. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

36. By forcing Plaintiff to share tips with non-tipped employees, to kick-back tips to Defendants, to perform work-related duties without compensation, and for not providing the required notice under the FLSA, Defendants cannot claim the tip credit and therefore owe Plaintiff the full overtime wage, free and clear, for each hour worked in excess of forty hours in a week.

37. As a direct and proximate result of forcing Plaintiff to share tips with non-tipped employees, to kick-back tips to Defendants, to perform work-related duties without compensation, and for not providing the required notice under the FLSA, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff MARK LORENZANA demands judgment in his favor and against Defendants GR OPCO, LLC and DENNIS DEGORI, jointly and severally, as follows:

  a) Award to Plaintiff for payment of all overtime hours at the full overtime wage, free and clear;

  b) Award to Plaintiff liquidated damages equal to the payment of all overtime hours at the full overtime wage, free and clear, owed under the FLSA or, if liquidated damages are not awarded, then prejudgment interest;

  c) Award to Plaintiff reasonable attorneys' fees and costs; and

  d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

38. Plaintiff reincorporates and re-alleges paragraphs 1 through 23 as though set forth fully herein, and further alleges as follows:

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

39. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

40. Defendants did not rely on a good faith defense in forcing Plaintiff to share tips with non-tipped employees and to kick-back tips directly or indirectly to Defendants or to others for Defendants' benefit.

41. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

42. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff from Defendants, now and in the future.

WHEREFORE, Plaintiff MARK LORENZANA demands judgment in his favor and against Defendants GR OPCO, LLC and DENNIS DEGORI, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 17th day of April, 2017.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **April 17, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

**LORENZANA v. GR OPCO, LLC and DEGORI**
**Case No.:**

9

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808